IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS OLAN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 07-03209 |
| | : | |
| **RR DONNELLEY & SONS COMPANY** | : | |

**MEMORANDUM OPINION AND ORDER**

**GOLDEN, J.**                                                                                          **OCTOBER 10, 2007**

Plaintiff brought this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), claiming the Defendant discriminated against him on the basis of his Hispanic ancestry and that he was subject to a hostile work environment.  Presently before the Court is the motion of the Defendant to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons which follow, the motion is granted.

On a motion to dismiss under Rule 12(b)(6) "[t]he applicable standard of review requires the Court to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

As the Defendant's motion to dismiss is based solely on procedural grounds, the Court will only address the procedural facts relevant to the motion.  Plaintiff's employment was terminated by Defendant on September 27, 2001.  Compl. at ¶ 10.  On December 10, 2001, Plaintiff dual-filed a pro se charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") and the

United States Equal Employment Opportunity Commission ("EEOC").  Exhibit A to Plaintiff's Opposition Brief.  On April 30, 2002, Plaintiff dual-filed an amended pro se charge.  Exhibit B to Plaintiff's Opposition Brief.  Plaintiff was represented by counsel as of April 13, 2005.  Exhibit D to Plaintiff's Opposition Brief.  Plaintiff alleges he never received the October 14, 2004 Right to Sue letter.  Id.  It was not until February, 2007, that Plaintiff's counsel inquired with the EEOC about the status of the amended charge Plaintiff had filed on April 30, 2002.  Id.  Plaintiff's counsel was advised by the EEOC that a Notice of Right to Sue Letter had been issued on October 14, 2004.  Id. On June 29, 2007, at Plaintiff's counsel's request, the EEOC re-issued a Notice of Right to Sue Letter[1], which states in pertinent part:

> Charging Party has submitted a notarized statement asserting that he did not receive the above-referenced closure notice.  Although the Commission cannot verify the accuracy of this statement, we are hereby issuing a new Dismissal and Notice of Rights, which will provide a new 90-day period in which a private lawsuit can be filed.

Exhibit E to Plaintiff's Opposition Brief.  On August 7, 2007, Plaintiff filed this action within 90 days of receipt of the June 29, 2007 Notice of Right to Sue letter.

Defendant does not mention in his Complaint or in his Opposition to Defendant's Motion to Dismiss, the fact that on May 2, 2005 the EEOC issued and mailed a Notice of Right to Sue letter relating to Plaintiff's original charge.  Exhibit D to Defendant's Motion to Dismiss.  In the May 2, 2005 Notice, the EEOC adopted the Findings of the PHRC as to the original Complaint and

---

[1] The charge number on the June 29, 2007 Notice is 17F-2002-6064 which relates to the amended charge Plaintiff dual-filed in 2002.  That amended charge alleged ancestry harassment and discriminatory discharge and is virtually identical to the earlier charge Plaintiff dual-filed, No. 17F-2002-00796, in which Plaintiff also alleges harassment and discriminatory discharge.

dismissed the charge.[2]  Id.  Defendant's counsel  received a copy of the May 2, 2005 Notice on May 6, 2005.  Id.

    Defendant argues that this case must be dismissed because it was not filed within 90 days of receipt by Plaintiff of the EEOC's May 2, 2005 Notice of Right to Sue letter.  The Court agrees.

    In order to be timely, a federal suit under Title VII must be filed within 90 days after the EEOC provides the claimant with a right-to-sue letter.  42 U.S.C. 2000e-5(f)(1).  The 90-day period begins to run upon receipt of the claimant of the right-to-sue letter.  The 90-day filing requirement is subject to waiver and equitable tolling.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982).

    The June 29, 2007 Notice is based upon a charge involving exactly the same facts as the October 14, 2004 and May 2, 2005 Notices.  The Court must look to the May 2, 2005 Notice to determine whether this action is time-barred.[3]  Lo v. Pan American World Airways, Inc., 787 F. 2d 827 (2d Cir. 1986)(per curiam).  To hold otherwise, would be to permit dilatory Plaintiffs who slept on their rights to circumvent the 90-day rule simply by seeking additional Notices of Right to Sue from the EEOC and then filing Complaints within 90 days of those Notices.  Id.

    There is a presumption, under Rule 6(e) of the Federal Rules of Civil Procedure, that Plaintiff received a Notice of Right to Sue letter three days after the EEOC mailed it.  See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n.1 (1984).  It is Plaintiff's burden to rebut the presumption.  See e.g., Sherlock v. Montefiore Medical Center, 84 F.3d 522, 526 (2d Cir. 1996) ("If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be

---

[2] Because the May 2, 2005 Notice of Right to Sue as well as the documents attached to Plantiff's opposition Brief are "undisputedly authentic document[s]", the Court's reference to it does not convert Defendant's Motion to Dismiss into one for summary judgment.  Davies v. Polysiceince, Inc., 126 F.Supp. 2d 391, 394 n.3 (E.D.Pa. 2001).

[3] Since Defense counsel also claims not to have received the October 14, 2004 Notice of Right to Sue letter, the Court will assume, arguendo, that Plaintiff did also not receive this Notice. Defendant's Memorandum of Law in support of Motion to Dismiss at 2, n.2

inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive.").

Here, the EEOC issued and mailed the Notice of Right to Sue letter on May 2, 2005 relating to Plaintiff's original charge. Plaintiff was represented by his current counsel at that time. Counsel for Defendant received a copy of the May 2, 2005 Notice on May 6, 2005. Yet, in his Complaint, Plaintiff fails to make any reference to the May 2, 2005 Notice. Moreover, even though Defendant's Motion to Dismiss repeatedly references the May 2, 2005 Notice, Plaintiff completely ignores the May 2, 2005 Notice in his Opposition to the motion. Since Plaintiff has failed to address, let alone rebut, the presumption that he received the May 2, 2005 in a timely manner, the Complaint is untimely.

Plaintiff argues that the doctrine of equitable tolling should apply to the facts of this case. The Court does not agree. That doctrine is limited to situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving later filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Veterans Affairs, 498 U.S. 89, 96 (1990). See also Hill v. Textron Automotive Interiors, Inc., 160 F.Supp. 2d 179, 185 (D.N.H. 2001) (dismissing Title VII claim where claimant waited more than a year before checking on status).

The EEOC is required to notify a claimant of the status of his Complaint within 180 days of filing. 42 U.S.C. 2000e-5(f)(1). Yet, Plaintiff (and his counsel) waited almost _two_ years from the time Plaintiff received the May 2, 2005 Notice from the EEOC until he even inquired of the status of

the Complaint he filed with the EEOC in February of 2007.  Plaintiff (and his counsel) waited well over two years from the time Plaintiff received the May 2, 2005 Notice until he filed this suit in August of 2007.  Moreover, even assuming, <u>arguendo</u>, that Plaintiff never received the May 2, 2005 Notice, Plaintiff waited over <u>five</u> years from the time he filed his amended charge on April 30, 2002 until he first inquired as to the status of the amended charge in February, 2007.  The Court holds that such a lack of diligence by Plaintiff precludes Plaintiff from availing himself of the equitable remedy of tolling.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS OLAN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 07-03209** |
| | : | |
| **RR DONNELLEY & SONS COMPANY** | : | |

ORDER

AND NOW, this 10th day of October, 2007, upon consideration of the Defendant's Motion to Dismiss and all responses and replies thereto, it is hereby ORDERED that:

1. The Motion of the Defendant to file a reply brief [ Doc. #11] is GRANTED.

2. The Motion of the Defendant to Dismiss [Doc. #8] is GRANTED.

3. The Complaint is DISMISSED WITH PREJUDICE.

4. The Clerk is DIRECTED to mark this closed for statistical purposes.

BY THE COURT:

*/s/ THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.